PHILIP R. SELLINGER
United States Attorney
MICHAEL E. CAMPION
SUSAN MILLENKY
Assistant U.S. Attorneys
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2700

KRISTEN CLARKE
Assistant Attorney General
ELISE BODDIE
Principal Deputy Assistant
Attorney General
Civil Rights Division
T. CHRISTIAN HERREN, JR
JOHN A. RUSS IV
BRUCE I. GEAR
MICHELLE RUPP
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, DC 20530
Tel: (202) 307-2767

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> UNION COUNTY; UNION COUNTY CLERK JOANNE RAJOPPI, in her official capacity; and UNION COUNTY BOARD OF ELECTIONS; <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br><br> **THREE-JUDGE COURT REQUESTED** |

Plaintiff United States of America, by its undersigned attorneys, files this Complaint and alleges:

## INTRODUCTION

1. The United States brings this action pursuant to Section 203 and 208 of the Voting Rights Act, 52 U.S.C. §§ 10503 ("Section 203") & 10508 ("Section 208"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, with respect to the conduct of elections in Union County, New Jersey.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1345, 52 U.S.C. §§ 10504, 10307(a), & 10308(d), & (f), and 28 U.S.C. §§ 2201 & 2202.

3. Venue is proper in this district under 28 U.S.C. §§ 110 & 1391(b) because the events giving rise to the United States' allegations occurred in Union County, New Jersey, which is located in the District of New Jersey.

## THREE-JUDGE COURT

4. In accordance with the provisions of 52 U.S.C. § 10504 and 28 U.S.C. § 2284, the claim under Section 203 of the Voting Rights Act must be heard and determined by a court of three judges.

## PARTIES

5. The Attorney General of the United States brings this action on behalf of Plaintiff United States of America, pursuant to the Voting Rights Act, 52 U.S.C. §§ 10503 & 10504, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202.

6. Defendant UNION COUNTY, is a political and geographical subdivision of the State of New Jersey and exists as a charter county, organized pursuant to the laws of New Jersey.

7. Defendant JOANNE RAJOPPI serves as Union County Clerk ("the Clerk"). As the Clerk, she has statutory powers, duties, and responsibilities concerning the conduct of elections in Union County.   Defendant JOANNE RAJOPPI is sued in her official capacity.

8. Defendant UNION COUNTY BOARD OF ELECTIONS ("the Board") is governed by the County's Board of Elections Commission and has statutory powers, duties, and responsibilities concerning the conduct of elections in Union County.

## FACTUAL ALLEGATIONS

9. According to the 2020 Census, Union County had a total population of 575,345, of whom 211,245 (36.7%) were non-Hispanic white, 195,519 (34.0%) were Hispanic, and 115,350 (20.0%) were non-Hispanic Black. Union County's total voting-age population was 440,856, of whom 170,765 (38.7%) were non-Hispanic white, 141,485 (32.1%) were Hispanic, and 89,734 (20.4%) were non-Hispanic Black.

10. According to the 2016-2020 American Community Survey ("ACS"), the total Hispanic citizen population was an estimated 127,560 (26.7%), and the Hispanic citizen voting age population was 83,025 (23.4%). In December 2021, the Census released data on its website showing that Union County had an estimated 27,850 Spanish-speaking voting-age citizens who were limited English-proficient ("LEP").

11. Defendants Union County, the Clerk, and the Board, are subject to the requirements of Section 203 with respect to the Spanish language, as designated by

the Director of the Census. 52 U.S.C. § 10503(b)(2)(A); *see also* 57 Fed. Reg. 43,213 (Sept. 18, 1992); 86 Fed. Reg. 69,611 (Dec. 8, 2021). The determination that Union County is covered by Section 203 for Spanish language is final and non-reviewable. 52 U.S.C. § 10503(b)(4); 28 C.F.R. § 55.4(a)(2).

12. Because the Defendants are subject to the requirements of Section 203, "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Defendants provide in English must also be furnished in Spanish to Spanish-speaking voters. 52 U.S.C. § 10503(c).

13. Defendants have been continuously covered by Section 203 since September 18, 1992, and are required by Section 203 to provide Spanish-language written materials, information, and assistance to voters. 52 U.S.C. § 10503(c); *see also* 57 Fed. Reg. 43,213 (Sept. 18, 1992); 67 Fed. Reg. 48,871 (July 26, 2002); 76 Fed. Reg. 63,602 (Oct. 13, 2011); 81 Fed. Reg. 87,532 (Dec. 5, 2016); 86 Fed. Reg. 69,611 (Dec. 8, 2021). With each new coverage determination, the U.S. Department of Justice has provided Union County with written notice of their obligations under Section 203 of the Voting Rights Act.

14. Defendant the Board has failed to comply with Section 203 of the Voting Rights Act because they have not recruited, properly staffed, and trained enough bilingual Spanish-speaking board workers capable of providing LEP Spanish-speaking voters with necessary and effective language assistance during elections conducted by the County.

15. Defendants the Clerk and the Board have also failed to comply with Section 203 of the Voting Rights Act by failing to provide election-related materials, including but not limited to the Clerk providing ballots and sample ballots, and the Board and the Clerk providing election information posted on the Union County Board of Elections and County Clerk's websites, in a manner that ensures that LEP Spanish-speaking voters have the opportunity to be fully informed about election-related activities and to cast an effective ballot.

16. Union County is also subject to the requirements of Section 208 of the Voting Rights Act. Section 208 provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 52 U.S.C. § 10508.

17. In violation of Section 208, Defendants Union County and the Board, their employees, and agents have failed to allow voters to obtain assistance from the assistors of their choice through the following practices:

    a. Prohibiting assistors of choice from providing assistance to Spanish-speaking voters with limited English proficiency; and

    b. Failing to accurately and adequately instruct board workers of their duty to permit voters who need assistance to receive assistance from the person of the voters' choice, other than those persons explicitly excluded by Section 208.

## FIRST CAUSE OF ACTION

18. The United States hereby re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

19. The Defendants' failure to provide LEP Spanish-speaking citizens of Union County with Spanish-language election assistance and information, as described above, constitutes a violation of Section 203 of the Voting Rights Act.

20. Unless enjoined by this Court, the Defendants will continue to violate Section 203 of the Voting Rights Act by failing to provide the LEP Spanish-speaking citizens of Union County with Spanish-language election assistance and information, which is necessary for their effective participation in the political process.

## SECOND CAUSE OF ACTION

21. The United States hereby re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

22. The failure of Defendants Union County and the Board to allow LEP Spanish-speaking citizens of Union County to use an assistor of their choice, other than those persons explicitly excluded by Section 208, as described herein, is a violation of Section 208 of the Voting Rights Act, 52 U.S.C. § 10508.

23. Unless enjoined by this Court, Defendants Union County and the Board, will continue to violate Section 208 of the Voting Rights Act by denying Union County's LEP Spanish-speaking citizen voters the opportunity to receive assistance from persons of the voters' choice, and by limiting the scope of assistance voters can receive from their chosen assistors.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that this Court enter an Order that:

a.    Declares that the Defendants Union County, the Clerk, and the Board, have failed to provide in an effective manner Spanish-language election information and assistance necessary for the political participation of LEP Spanish-speaking voters in violation of Section 203 of the Voting Rights Act, 52 U.S.C. § 10503;

b.    Declares that the practices of Defendants Union County and the Board, set forth above violate Section 208 of the Voting Rights Act, 52 U.S.C. § 10508;

c.    Enjoins the Defendants, Union County, the Clerk, and the Board, their employees, agents, and successors in office, and all persons acting in concert with them, from failing to provide in an effective manner Spanish-language assistance and information to LEP Spanish-speaking voters as required by Section 203 of the Voting Rights Act, 52 U.S.C. § 10503;

d.    Enjoins the Defendants, Union County and the Board, their employees, agents and successors in office, and all persons acting in concert with them, from engaging in any act or practice that denies the rights secured by Section 208 of the Voting Rights Act, 52 U.S.C. § 10508;

e.	Orders the Defendants Union County, the Clerk, and the Board, to devise and implement a remedial plan to ensure that Union County's LEP Spanish-speaking voters are able to understand and participate in all phases of the electoral process as required by Section 203 of the Voting Rights Act, 52 U.S.C. § 10503;

f.	Orders the Defendants Union County, the Clerk, and the Board to devise and implement a remedial plan to ensure that Union County's voters are permitted assistance during any stage of the voting process from persons of their choice when necessary, including when they cast their ballots, in compliance with Section 208 of the Voting Rights Act, 52 U.S.C. § 10508, for all future elections;

g.	Authorizes the appointment of federal observers for elections held in Union County pursuant to Section 3(a) of the Voting Rights Act, 52 U.S.C. § 10302(a).

The United States further prays that this Court order such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

Date: 9th day of May, 2023

Respectfully Submitted,

PHILIP R. SELLINGER
United States Attorney
District of New Jersey

KRISTEN CLARKE
Assistant Attorney General
ELISE BODDIE
Principal Deputy Assistant
Attorney General
Civil Rights Division

*/s/ Susan Millenky*
MICHAEL E. CAMPION
SUSAN MILLENKY
Assistant U.S. Attorneys
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2700
Michael.Campion@usdoj.gov
Susan.Millenky@usdoj.gov

*/s/ Bruce I. Gear*
T. CHRISTIAN HERREN, JR
JOHN A. RUSS IV
BRUCE I. GEAR
MICHELLE RUPP
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street, NE, Room 8.923
Washington, DC 20530
(202) 307-2767
Bruce.Gear@usdoj.gov
Michelle.Rupp@usdoj.gov